IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARRY HANSELMAN,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|    vs. | )   Case No. 23-cv-02824-SMY |
| | ) |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) |
| **LATOYA HUGHES, VERNON DEWITT,** | ) |
| **and STEFANIE HOWARD,** | ) |
| | ) |
|       **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Barry Hanselman, by and through Attorney Mark S. Peebles, filed this action pursuant to 42 U.S.C. § 1983 on August 16, 2023. (Doc. 1). Plaintiff raises Eighth Amendment claims against the defendants for the alleged denial of medical care for his diabetes at Graham Correctional Center (Graham CC). Defendants Vernon DeWitt, Stefanie Howard, and Latoya Hughes have moved to dismiss all claims against them pursuant to Federal Rules of Civil Procedure 12(b)(6). (Docs. 14 and 29). Latoya Hughes also challenges service of this lawsuit on her under Federal Rules of Civil Procedure 12(b)(5). (Doc. 29). As discussed in more detail below, the motions will be **GRANTED**.

### Background

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-27): Plaintiff was "repeatedly denied reasonable and necessary medical treatment for his type 2 diabetes" at Graham CC, in East St. Louis, and in Hillsboro on August 24, 2021.

Warden DeWitt refused to provide necessary medical care to Plaintiff while he was in Graham CC (Count 3) and East St. Louis, Illinois (Count 4) on that date. *Id*. at 14-16. The warden

also allowed Medical Administrator Howard to deny Plaintiff medical care (Count 5).  *Id*. at 18.

Medical Administrator Howard refused to provide Plaintiff with necessary medical care while he was in Graham CC (Count 6) and Hillsboro, Illinois (Count 7) on August 24, 2021.  *Id*. at 20-23.  Howard also allowed DeWitt to deny Plaintiff medical care (Count 8).  *Id*. at 24-26.

Acting IDOC Director Hughes provided direct management, supervision, and control over DeWitt and Howard and had "actual or constructive notice" that they were depriving Plaintiff of necessary and reasonable medical care on August 24, 2021 (Count 2).  At the time, Hughes acted in an official capacity and under color of state law.  *Id*. at 8.

Plaintiff determined that his inadequate medical care resulted in vision loss, nerve damage, and pain and swelling in his lower limbs.  *Id*.  He brings claims against the Illinois Department of Corrections (IDOC) (Count 1), Acting IDOC Director Latoya Hughes (Count 2), Warden Vernon DeWitt (Counts 3, 4, 5), and Medical Administrator Stefanie Howard (Counts 6, 7, and 8) for violations of his right to receive medical care under the Eighth Amendment.  *Id*.

### **Motions to Dismiss (Docs. 14 and 29)**

Defendants seek dismissal of all claims against them.  Defendants DeWitt and Howard move to dismiss all individual capacity claims against them for lack of personal involvement in a constitutional deprivation and all official capacity claims as being barred by the doctrine of sovereign immunity.  (Doc. 14) (citing FED. R. CIV. P. 12(b)(6)).  Defendant Hughes moves for dismissal on the same grounds, adding that she did not serve as Acting IDOC Director during the relevant time period.  (Doc. 29) (citing *id*.).  She also challenges service of this lawsuit as improper because her name was spelled incorrectly on the summons, improperly served on the wrong person, and also served late.  (Doc. 29) (citing FED. R. CIV. P. 12(b)(5)).

Plaintiff opposes the motions. (Docs. 18 and 30). He asserts that Hughes, DeWitt, and Howard received notice that he needed medical care through his attorney, Mark Peebles, who forwarded a letter from Plaintiff's personal physician with treatment instructions for Plaintiff dated November 27, 2020. (Doc. 18, ¶¶ 2-4; Doc. 18-1, p. 2). Plaintiff's counsel sent this letter to the attention of "Lori" at Graham CC on or around December 11, 2020. (Doc. 18-1, p. 1). Counsel also sent a facsimile to an unknown recipient in February 2021 with the physician's written request from December 29, 2020 to test Plaintiff's blood sugar levels and use prescription medication to manage his diabetes (*id*. at 11). Plaintiff submitted copies of his prescriptions, dated July 28, 2020, for the following: insulin (1 refill) (*id*. at 3-4); metformin (no refills) (*id*. at 5); glucose (2 refills) (*id*.); gabapentin (2 refills) (*id*.); and ibuprofen (no refills) (*id*. at 6). Regarding service of this lawsuit on Hughes, Plaintiff asserts that he forwarded the summons and complaint to the Montgomery County Sheriff, and "a diligent effort to serve the summons and complaint was made." (Doc. 18, ¶ 5).

## Discussion

### Rule 12(b)(5) Motion

Defendant Hughes seeks dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)"). A defendant may move to dismiss an action for lack of personal jurisdiction based on improper service under this Rule. *See* FED. R. CIV. P. 12(b)(5). When a defendant challenges the sufficiency of service under Rule 12(b)(5), the plaintiff bears the burden of demonstrating that it was proper. *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). A Court evaluating the issue can consider affidavits, depositions, oral testimony, or other documentary evidence. *Relational, LLC. v. Hodges*, 627 F.3d 668, 671-72 (7th Cir. 2010).

3

Hughes first argues that service was defective because her name was misspelled on the summons. The Complaint correctly identifies this defendant as "Latoya Hughes," but the summons incorrectly identifies her as "Latoya Hughs" at "IL DOC Graham Correctional Center, 12078 IL-185, Hillsboro, IL 62049." (Doc. 11). Rule 4 requires a summons to "name the court and the parties" and "be directed to the defendant." Although the summons includes a typographical error, the Court may permit amendment of the summons. FED. R. CIV. P. 4(a)(2). But this is not the only defect.

Hughes also argues that service was made on the wrong person. Someone named "Jesse Busby" accepted service of the summons at Graham Correctional Center. (Doc. 21). Proper service on individuals requires that service be effected by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2). Alternatively, service may be effected by following state law for serving the summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.[1] FED. R. CIV. P. 4(e)(1). Service on "Jesse Busby" does not appear to satisfy any of these requirements, and Plaintiff makes no argument that service on Jesse Busby was proper.

Hughes also challenges service as being late. Under Rule 4, a plaintiff is responsible for having a summons and complaint served on a defendant within the time allowed by Rule 4(m).

---

[1] Under Illinois law, service of summons on an individual must be made: (1) by leaving a copy of the summons with the defendant personally; (2) by leaving a copy at the defendant's usual place of abode with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode, or (3) as "provided in Section 1-2-92 of the Illinois Municipal Code . . . with respect to violation of an ordinance governing parking or standing vehicles in citing with a population over 500,000." 735 ILCS 5/2-203(a).

FED. R. CIV. P. 4(c)(1). Rule 4(m) requires service within 90 days after a complaint is filed, unless a plaintiff can demonstrate good cause for failing to serve a defendant within this timeframe. FED. R. CIV. P. 4(m).

Plaintiff's Complaint was filed August 16, 2023. As such, he was required to complete service on Defendant Hughes by November 14, 2023. The process server received the summons on November 6, 2023 and did not serve Jesse Busby until November 27, 2023 – almost 2 weeks after the deadline expired under Rule 4(m). (Doc. 21). A Court can expand the time for service, but it cannot excuse the requirement for service altogether. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001).

Plaintiff has not carried his burden to show that service on Defendant Hughes was effective. *Homer*, 415 F.3d at 754. He argues only that he forwarded the summons and complaint to the Montgomery County Sheriff, and "a diligent effort to serve the summons and complaint was made." (Doc. 18, ¶ 5). Given that the process server received these documents on November 6, 2023 and the above defects in service occurred, service was improper and insufficient, and personal jurisdiction lacking. *See* FED. R. CIV. P. 4(m); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (a district court may decide whether dismissal of defendant or an extension of time to serve a defendant is warranted). Therefore, Defendant Hughes' motion to dismiss under Rule 12(b)(5) will be **GRANTED**.

**Rule 12(b)(6) Motion**[2]

Defendants Hughes, DeWitt, and Howard move for dismissal of the individual and official capacity claims against them under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). When presented with a Rule 12(b)(6) motion, the Court must decide the adequacy of the Complaint. *See* FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court accepts well-pleaded facts as true and draws all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). The motion will be granted if the Complaint does not include sufficient factual information to "state a claim to relief that is plausible on its face" or "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's claims all arise under the Eighth Amendment, which prohibits the cruel and unusual punishment of convicted persons. U.S. CONST., amend VIII. A plaintiff bringing a claim for the denial of medical care must allege facts suggesting: (1) he suffered from a serious medical condition (an objective standard); and (2) each defendant exhibited deliberate indifference to the risk of harm posed by that condition (a subjective standard). *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

A medical condition that significantly impacts an individual's daily activities or involves chronic or substantial pain is considered objectively serious. *Gutierrez v. Peters*, 111 F.3d 1364,

---

[2] Plaintiff does not allege that he was a prisoner on the date he filed the Complaint. The Court entered a text order, as follows: "Under 28 U.S.C. § 1915A, Complaints filed by prisoners are subject to initial review and dismissal of any portion that is frivolous or malicious, fails to state a claim for relief, or names a defendant who is immune from suit. Assuming Plaintiff was a 'prisoner' as defined by 28 U.S.C. § 1915(h) on the date he filed suit, the Court finds that his claims survive initial review. . . ." (Dkt. Entry 5). Plaintiff's status is still unclear. However, the legal standards applicable to preliminary review of a prisoner complaint under § 1915A and a motion to dismiss under Rule 12(b)(6) are virtually identical.

1373 (7th Cir. 1997). Deliberate indifference occurs when a defendant knowingly disregards the condition or persists in a course of treatment known to be ineffective. *Conley v. Birch*, 796 F.3d 742, 747 (7th Cir. 2015). The allegations must satisfy both components of this claim against each defendant and suggest that each individual was personally responsible for the constitutional deprivation. *Sanville v. McCaughtry*, 266 F3d 724, 740 (7th Cir. 2001).

Plaintiff does not describe a plausible constitutional deprivation against these individual defendants. He alleges that each refused to provide necessary medical care to him while he was in Graham CC, East St. Louis, and/or Hill CC on August 24, 2021, and that they allowed the other individual defendants to deny him care. He claims the denial of care likely resulted in long term health consequences.

Under certain circumstances, poorly managed diabetes can qualify as an objectively serious medical need, and the denial of medication or treatment for the condition can amount to deliberate indifference. *See, e.g., Cesal v. Moats*, 851 F.3d 714 (7th Cir. 2017) (Eighth Amendment claim stated for denial of treatment for diabetes resulting in unnecessary pain). However, this is not always the case. See, *Waldrop v. Wexford Health Sources, Inc.*, 646 F. App'x 486 (7th Cir. 2016) (no deliberate indifference where denial of insulin one time was used to offset prior overdose and mitigate risk of serious harm to plaintiff).

Plaintiff relies on conclusory allegations to support of his claims. It is unclear what symptoms he experienced as a result of the daylong, repeated denial of care for his diabetes. It is also unclear whether any individual defendant knew of the alleged denial. Plaintiff's argument that his attorney sent notice of his medical condition, prescriptions, and a doctor's order to "Lori" more than six months earlier does not establish notice or articulate a viable claim against the

7

alleged Acting IDOC Director Hughes (Hughes was not serving as Acting IDOC Director at the time), Warden DeWitt, or Medical Administrator Howard.

In sum, Plaintiff has not "pleaded factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678.  Although a plaintiff need not plead detailed factual allegations, he must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.  Legal conclusions and threadbare recitals of the elements of a cause of action are not afforded the same presumption of truth. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Accordingly, Defendant Hughes,[3] DeWitt, and Howard's motion to dismiss the individual capacity claims against them will be granted.

Plaintiff also states no claim against these defendants in an official capacity.  An official capacity claim for money damages against a state actor is the equivalent of a suit against the state itself, and the Eleventh Amendment bars a suit in federal court against the State and its agencies for money damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).  Therefore, all official capacity claims for money damages against the defendants must be dismissed on grounds of sovereign immunity.  As no other claims against these defendants remain, the Rule 12(b)(6) motion will be granted.

### Disposition

Defendants Vernon DeWitt and Stefanie Howard's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 14) is **GRANTED**.   The individual capacity claims in **COUNTS 3, 4,** and **5** against **DeWITT** and **COUNTS 6, 7,** and **8** against **HOWARD** are **DISMISSED without prejudice**, and the official capacity claims for money damages are

---

[3] Defendant Hughes is granted relief under Rule 12(b)(5) and, alternatively, Rule 12(b)(6).

**DISMISSED with prejudice**.  The Clerk's Office is **DIRECTED** to **UPDATE** the spelling of "Stefanie Howard" in CM/ECF.

Defendant Latoya Hughes' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) and/or (6) (Doc. 29) is **GRANTED**.  **HUGHES** is **DISMISSED with prejudice** for lack of personal jurisdiction arising from improper service under Rule 12(b)(5).  Alternatively, the individual and official capacity claims against **HUGHES** in **COUNT 2** are **DISMISSED with prejudice** under Rule 12(b)(6).  The Clerk's Office is **DIRECTED** to **TERMINATE** Latoya Hughes in CM/ECF.

**COUNT 1** against the **ILLINOIS DEPARTMENT OF CORRECTIONS** is the only remaining claim in the Complaint.  This party shall answer or otherwise respond to the Complaint (with briefing in support of a motion to dismiss) on or before **September 13, 2024.**

Alternatively, Plaintiff may file a motion for leave to amend complaint to re-plead claims against Defendants IDOC, DeWitt, and Howard on or before **August 30, 2024**.  He must comply with Federal Rule of Civil Procedure 15 and SDIL-Local Rule 15.1 when doing so.  In the proposed amended complaint, Plaintiff should clearly indicate whether he was a "prisoner" within the meaning of that term in 28 U.S.C. § 1915(h) on the date he filed his original Complaint.  If so, the Court will screen the proposed amendment under 28 U.S.C. § 1915A.

IT IS SO ORDERED.

DATED:  August 16, 2024

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**